IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ALLSTATE INSURANCE COMPANY, an  )
Illinois Corporation,           )   2:11-cv-00249-GEB-EFB
                                )
          Plaintiff,            )
                                )   ORDER DENYING DEFENDANT JOHN
     v.                         )   STEFFES'S MOTION TO STAY
                                )
JOHN STEFFES and DOUGLAS C.     )
DUIN,                           )
                                )
          Defendants.           )
_____)
```

        Defendant John Steffes ("Steffes") moves for an order staying this insurance coverage declaratory relief action until after resolution of the related action in Duin v. McCormick, et al, 2:10-cv-02150-GEB-EFB (the "underlying action"). Plaintiff Allstate Insurance Company ("Allstate") opposes the motion. Defendant Douglas C. Duin filed a statement of non-opposition in response to the motion. The motion was heard on August 22, 2011.

        Allstate alleges in its declaratory relief complaint: that Steffes tendered defense of the underlying action to Allstate under both an Automobile Policy and Homeowners Policy issued by Allstate; that "Allstate has not disputed the applicability of the Auto Policy to the damages sought in the Underlying Action[;]" and that Allstate owes no duty to defend or indemnify Steffes under the Homeowners Policy because of an exclusion in that policy. (Allstate's Compl. ¶¶ 8, 9, 13.).

Steffes, as the moving party, "bears the burden of proving [a] stay is warranted." Liberty Surplus Ins. Corp. v. IMR Contractors Corp., No. CV 08-5773 JSW, 2009 WL 1010842, at *4 (N.D. Cal. Apr. 14, 2009) (citing Clinton v. Jones, 520 U.S. 681, 708 (1997)). Steffes argues this action should be stayed since "Allstate has acknowledged its duty to defend and indemnify [him] pursuant to [the] Automobile Insurance Policy [and therefore,] there exists no urgency to litigate the instant declaratory relief matter pending the outcome of the Underlying Action." (Mot. to Stay 3:12-16.) However, Steffes has not demonstrated that Allstate's defense of him in the underlying action under the Automobile Policy warrants a stay of this action.

Steffes also argues this action should be stayed since "both the Underlying Action and this action involve the same issues which simply should not proceed concurrently because of the inherent and substantial risk of inconsistent rulings resulting in prejudice to [him]." Id. 3:22-24. This conclusory argument, considered in light of the undisputed facts discussed at the hearing on the motion which do not support the argument, does not justify granting a stay.

Therefore, the motion is denied.

Dated: August 30, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge