IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, an Illinois Corporation, | ) ) ) | 2:11-cv-00249-GEB-EFB |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER RE: SETTLEMENT AND DISPOSITION |
| JOHN STEFFES and DOUGLAS C. DUIN, | ) ) ) | |
| Defendants. | ) ) | |

      Plaintiff filed a "Notice of Settlement" on May 3, 2012, in which it states: "this action has settled. The parties are presently preparing settlement documentation and, upon execution of such documentation, shall file a request for dismissal with prejudice of the action in its entirety. The parties expect that such a request for dismissal shall be filed within 45 days." (ECF No. 52, 1:20-23.) Plaintiff also requests that "the Court vacate all pending court dates." Id. at 2:1-2.

      A dispositional document shall be filed no later than June 18, 2012. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

1  Further, in light of the settlement, Plaintiff's Motion for
2  Summary Judgment, scheduled for hearing on June 4, 2012, is vacated.
3  However, the Final Pretrial Conference scheduled for November 26, 2012,
4  shall remain on calendar in the event no dispositional document is
5  filed, or if this action is not otherwise dismissed.[1]
6  IT IS SO ORDERED.
7  Dated: May 7, 2012

*signature*
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The Final Pretrial Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).