IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ALLSTATE INSURANCE COMPANY, an    )
Illinois Corporation,             )   2:11-cv-00249-GEB-EFB
                                  )
              Plaintiff,          )
                                  )   ORDER RE: SETTLEMENT AND
         v.                       )   DISPOSITION
                                  )
JOHN STEFFES and DOUGLAS C.       )
DUIN,                             )
                                  )
              Defendants.         )
_____ )
```

Plaintiff filed a "Notice of Settlement" on May 3, 2012, in which it states: "this action has settled. The parties are presently preparing settlement documentation and, upon execution of such documentation, shall file a request for dismissal with prejudice of the action in its entirety. The parties expect that such a request for dismissal shall be filed within 45 days." (ECF No. 52, 1:20-23.) Plaintiff also requests that "the Court vacate all pending court dates." Id. at 2:1-2.

A dispositional document shall be filed no later than June 18, 2012. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

1

Further, in light of the settlement, Plaintiff's Motion for Summary Judgment, scheduled for hearing on June 4, 2012, is vacated. However, the Final Pretrial Conference scheduled for November 26, 2012, shall remain on calendar in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1]

IT IS SO ORDERED.

Dated: May 7, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The Final Pretrial Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2